Case No. 19-21183-Civ-WILLIAMS/TORRES

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY, and
GEICO CASUALTY CO.,

    Plaintiff,

v.

LUIS LOPEZ MAS., *et al.*,

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY

This matter is before the Court on Luis Mas M.D.'s *et al.* (collectively, "Defendants") motion to stay discovery. [D.E. 33]. Government Employees Insurance Co., Geico Indemnity Co., Geico Gen. Ins. Co., and Geico Casualty, Co. (collectively, "Plaintiffs") filed their opposition to Defendants' motion [D.E. 38] to which Defendants replied on June 19, 2019. [D.E. 41]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion is **DENIED**.

## I. BACKGROUND

Plaintiffs filed this action on March 28, 2018 seeking redress for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Florida Deceptive Unfair Trade Practices Act ("FDUPTA"), the Florida Civil Remedies for Criminal Practices Act ("FCRCPA"), common law fraud, unjust enrichment, and declaratory relief.[1] [D.E. 1]. The gist of the complaint – which spans 293 pages – is that Defendants submitted thousands of fraudulent insurance charges related to unnecessary, illusory, unlawful or otherwise unreimbursable health care services. [D.E. 1]. Plaintiffs allege, for instance, that Defendants misrepresented coding levels on billing statements and changed the healthcare professionals who administered treatments on examination reports. To the extent medical services were rendered, Plaintiffs allege that unsupervised massage therapists and/or physical therapist assistants performed medical services that were billed in place of doctors. Because of Defendants' deception, Plaintiffs seek compensatory damages, costs, interest, and fees.

## II. ANALYSIS

The thrust of Defendants' motion is that a temporary stay of discovery is appropriate because Defendants filed a motion to dismiss that will dispose of this entire case. Defendants argue, for example, that Plaintiffs failed to state a claim for mail fraud, common law fraud, unjust enrichment, FDUPTA, and any other cause of

---

[1]  Plaintiffs seek a declaratory judgment that they are not legally obligated to pay for the reimbursement of $75,000 in outstanding and unpaid bills that Defendants submitted as part of fraudulent insurance claims.

action. Defendants also contend that Plaintiffs admitted that they had notice of the deficiencies in Defendants' billing practices and that this is fatal to the allegations presented. Because the motion to dismiss is meritorious and disposes of the complaint in its entirety, Defendants conclude that any delay is far outweighed by the costs and burdens of proceeding with discovery.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

To prevail on a motion to stay, Defendants must demonstrate reasonableness and good cause. "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (emphasis added)

3

(quoting *Association Fe Y Allegria v. Republic of Ecuador,* 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)); *see also Patterson,* 901 F.2d at 927 (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact); *Feldman v. Flood,* 176 F.R.D. 651 (M.D. Fla. 1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action); *Spencer Trask Software and Information Services, LLC v. Rpost International Limited,* 206 F.R.D. 367 (S.D.N.Y. 2002) (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party); *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261 (M.D.N.C. 1988) (setting up balancing test for stays of discovery).

"In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and *entirely* eliminate the need for such discovery.'" *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (emphasis added) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). This means that courts generally take a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Feldman,* 176 F.R.D. at 652-53. It is also well established that a stay is rarely granted unless resolution of the motion will dispose of the entire case. *See Gibbons v. Nationstar Mortg. LLC*, 2015 WL 12840959, at *1 (M.D. Fla. May 18,

4

2015) ("Overall, stays of discovery are seldom granted, but courts have held that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action.") (citing *Patterson*, 901 F.2d at 929 (holding that the district court did not abuse its discretion by staying discovery where a pending dispositive motion gave the court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact); *Feldman*, 176 F.R.D. at 652–53 (holding that a stay of discovery was not appropriate where pending motion to dismiss was not case dispositive)).

Here, the most persuasive reason why Defendants' motion is unpersuasive is because it would *not* end this case in its entirety. Courts in the Eleventh Circuit have made clear that motions to stay are only appropriate when a dispositive motion raises threshold legal issues that may dispose of a plaintiff's *entire* claim. *See, e.g. Safeco Ins. Co. of Am. v. Amerisure Ins. Co.*, 2014 WL 12621558, at *1 (M.D. Fla. Sept. 9, 2014) ("Where a preliminary motion may dispose of the entire action, a court has good cause to stay the case pending resolution of the dispositive motion.") (citations omitted). Yet, Defendants' motion to dismiss is merely aimed at only a handful of substantive allegations in the complaint and it is unclear how it would eviscerate all twenty-five causes of action. This means, even if the motion was granted, it appears that at least some claims and a handful of defendants would remain in this case. *See Mesa v. Pennsylvania Higher Educ. Assistance*, 2017 WL 3438914, at *3 (S.D. Fla. Aug. 10, 2017) ("Even if the Court was to grant the two pending motions to dismiss, the remaining defendants would still be a part of

5

this litigation.") (citing *Corbin v. Affiliated Computer Serv., Inc.*, 2013 WL 3322650, at *1 (M.D. Fla. July 1, 2013) (finding that a stay of all discovery pending resolution of a motion "is rarely appropriate where resolution of the motion will not dispose of the entire case")).

Not to be deterred, however, Defendants maintain that the billing records, on their face, put Plaintiffs on notice of the medical charges and that Plaintiffs paid for them anyway. Defendants construe this as an admission that records were not a material factor for reimbursement and that Plaintiffs have no cause of action because they knew of Defendants' billing practices. Defendants also argue that – if a payor pays a claim in full with actual knowledge that a requirement has been violated – then the requirement is not material. Defendants' argument is unconvincing because it relies on several inferences that are inappropriate at the motion to dismiss stage. And even if the Court construed these inferences in favor of Defendants, it is unclear how a single cause of action (out of the twenty-five presented) or a single defendant would not be left standing, particularly if Plaintiffs are granted leave to amend. In other words, "we are unconvinced that Plaintiffs' entire complaint will be dismissed, and even more doubtful that the pleading will be dismissed with prejudice." *Rubinstein v. Keshet Inter Vivos Tr.*, 2018 WL 3730868, at *3 (S.D. Fla. Apr. 27, 2018). While we recognize the desirability of Defendants to eliminate costs whenever possible, this action does not present an appropriate opportunity to do so. Accordingly, Defendants have not met their burden and their motion to stay must be **DENIED**

### III.     CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion to stay discovery pending the outcome of their motion to dismiss is **DENIED**.  [D.E. 33]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of July, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge